# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**ROBERT OFCKY**<br><br>　　　　　Defendant. | CASE NUMBER: 3:14CR069-001<br>USM Number: 03168-027<br><br>**NICHOLAS T OTIS**<br>**DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count 4 of the Indictment on October 19, 2017.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:922(g)(1) FELON IN POSSESSION OF A FIREARM | June 2014 | 4 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1-3 of the Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, mailing address or other material change in the defendant's economic circumstances until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

| |
|---|
| February 8, 2018 |
| Date of Imposition of Judgment |
| s/ Jon E. DeGuilio |
| Signature of Judge |
| Jon E. DeGuilio, United States District Judge |
| Name and Title of Judge |
| February 8, 2018 |
| Date |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **48 months.**

The Court makes the following recommendations to the Bureau of Prisons: That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where he may participate in anger management counseling to the extent that facility deems it necessary pursuant to an assessment. The Court also recommends that the defendant be specifically assigned to the Medical Center at FCI Fort Worth, Texas, to accommodate the defendant's medical issues.

The Court leaves it to the BOP to calculate any credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

                                                                 UNITED STATES MARSHAL

                                                    By: _____
                                                         DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.**

## CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall not unlawfully use any controlled substance, including marijuana, and shall submit to one drug test within 15 days of the beginning of supervision and at least 2 periodic tests after that for use of a controlled substance.

4. The defendant shall cooperate with the probation officer with respect to the collection of DNA.

5. The defendant shall report to the probation officer in the manner and as frequently as court or the probation officer directs, and shall notify the probation officer within 48 hours of any change in residence, and within 72 hours of being arrested or questioned by a police officer.

6. The defendant shall not knowingly travel outside the district without the permission of the probation officer, who shall grant such permission unless the travel would hinder the defendant's rehabilitation or present a public safety risk.

7. The defendant shall answer truthfully any inquiry by the probation officer pertaining to the defendant's supervision and conditions of supervision, and shall follow the instruction of the probation officer pertaining to the defendant's supervision and conditions of supervision. This condition does not prevent the defendant from invoking the Fifth Amendment privilege against self-incrimination.

8. The defendant shall permit a probation officer to meet the defendant at home or any other reasonable location and shall permit confiscation of any contraband the probation officer observes in plain view. The probation officer shall not conduct such a visit between the hours of 11:00 p.m. and 7:00 a.m. without specific reason to believe a visit during those hours would reveal information or contraband that wouldn't be revealed through a visit during regular hours.

9. The defendant shall not meet, communicate, or otherwise interact with persons whom defendant knows to be engaged or planning to be engaged in criminal activity.

10. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (meaning an instrument designed to be used as a weapon and capable of causing death or serious bodily harm).

11. The defendant shall submit his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any law enforcement or probation officer having "reasonable suspicion" concerning a violation of a condition of supervision or unlawful conduct by defendant. Any search beyond "plain-view" requires prior approval by the Chief Probation Officer.

Within 72 hours of defendant's release from prison, the probation officer is to meet with and remind the defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the defendant's circumstances since the sentencing hearing.  Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of defendant's placement on supervision so that it may consider any appropriate modifications to the defendant's supervised release and schedule a hearing on that topic, if necessary.  The defendant may also request a modification of these conditions at any time by filing a written motion with the Court.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

The defendant may also make payments for his financial obligations imposed herein from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination.

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

Case Number: 3:14CR069-001
Defendant: ROBERT OFCKY

Page 6 of 6

Name: <u>ROBERT OFCKY</u>
Docket No.: <u>3:14CR069-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                          Date


_____     _____
U.S. Probation Officer/Designated Witness       Date